IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BETTY J. MILLER**                                                                          **PLAINTIFF**

**V.**                                                              **NO. 4:16-CV-30-DMB-JMV**

**ALLIED BARTON SECURITY SERVICES
AND BAXTER HEALTHCARE, INC.**                          **DEFENDANTS**

## ORDER OF DISMISSAL

On April 25, 2016, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that "this case be dismissed with prejudice." Doc. #9 at 6. The Report and Recommendation directed that "objections are required to be in writing and must be filed within fourteen (14) days of [the date of its issuance]." The Report and Recommendation further warned that the "[f]ailure to timely file written objections … will bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court." *Id.* (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). More than fourteen days have passed since the issuance of the Report and Recommendation and no objections to it have been filed.

The Court has a "'statutorily commanded duty' to conduct a de novo review of the record prior to adopting the magistrates judge's report and recommendations."[1] *United States v. Felix*, 540 F. Appx 427, 429 (5th Cir. 2013) (citing *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir.1993)). Having considered the record in this action, including the Report and Recommendation, the Court concludes that this case should be dismissed for the reasons stated in

---

[1] A district court Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, regardless of any objection, or lack thereof, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

the Report and Recommendation but that it should not be dismissed with prejudice.[2]

It is therefore ordered:

1. The Report and Recommendation [9] is **APPROVED and ADOPTED** as the opinion of the Court except for the "with prejudice" language, which the Court declines to adopt;

2. This case is **DISMISSED** without prejudice; and

3. This case is **CLOSED**.

**SO ORDERED**, this 27th day of May, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[2] A dismissal of this action with prejudice may bar Miller's ability to pursue any state law claims she has in state court on the matters alleged in her complaint and in her EEOC submissions. Although in this federal court, Miller failed to allege a basis for this Court's subject matter jurisdiction over such matters and failed to state a claim upon which relief could be granted—even after being provided an opportunity to amend her complaint—and further did not object to the recommendation that her case be dismissed with prejudice, the Court finds that Miller should not be potentially barred from pursuing any possibly viable state law claims in state court. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) ("Dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'") (citation omitted).